IN THE MATTER OF THE ALLEGED UNETHICAL CON-
DUCT OF WILLIAM W. RICH, AN ATTORNEY AT LAW
OF THE STATE OF NEW JERSEY.

Argued March 22, 1960—Decided June 6, 1960.

*Mr. Frank S. Kalzenbach, III,* argued the cause for respondent, William W. Rich.

*Mr. George Warren* argued the cause for the Mercer County Ethics and Grievance Committee.

PER CURIAM. Seven complaints were filed against respondent charging him with unethical practices. They covered a variety of accusations. Two alleged improper use

of substantial trust funds for private and personal purposes; two related to the acceptance of fees for the prosecution of divorce actions which were never instituted, although numerous false representations to the contrary were made to the clients; one alleged obtaining a sum of money on the pretense of using it to fix a drunken driving case on appeal and failing to return it on affirmance of the conviction; another charged unethical conduct in allowing the statute of limitations to expire on a client's personal injury cause of action, and thereafter giving a check to the client in settlement of his subsequent claim against respondent arising out of the dereliction of duty, which check was dishonored; another alleged that he was given $500 to be used in behalf of a client as bail money, that he issued a written acknowledgment of receipt thereof, that he did not employ it for that purpose, that he then refused to return it, and later gave a check in repayment, which was dishonored.

The Ethics and Grievance Committee found respondent guilty of unethical conduct in connection with all of the charges, although the finding was not as broad as the complaint in some instances. All of the matters were submitted to this court for disciplinary action.

An unqualified finding of misuse of substantial trust funds for personal purposes was made in each of the two complaints of that character. Moreover, in one of these instances, about five months after disbursement should have been made, checks were given to the various beneficiaries of the money. They were dishonored because of insufficient funds.

In the divorce matters the Committee found that respondent had accepted fees in pursuance of an undertaking that he would institute three such suits; that the clients signed some papers in connection therewith, that he represented the complaints were about to be filed, and in one case that it had actually been filed, and even advised the client as to the precise day on which the hearing would be had, and that no suit had ever been instituted. In another

case the Committee found that the two clients for whom separate suits were to be brought to secure dissolution of their marriages to their respective spouses, were living together in an adulterous relationship out of which a child had been born, and that these facts were known to respondent when he prepared and executed the complaints and affidavits of non-collusion.

On the complaint charging respondent with soliciting and obtaining money from his client to be used allegedly to fix a drunken driving case on appeal in the County Court, the Committee did not feel that the testimony was sufficiently clear and convincing to warrant a conclusion adverse to his denial of the allegation. It did find, however, that the money should have been returned to the client promptly after the disposition of the matter by a plea of guilty on the appeal. Instead, a check given for the purpose was dishonored and the sum had not been repaid at the time of the hearing many months later.

In connection with the alleged misuse of the bail bond money, the Committee found that $500 had been given to him for the purpose of posting cash bail in that amount, and that it was not so used by him. The Committee found also that after some demands had been made upon him for return of the money and after he had learned that a contact had been made about the matter with the Ethics Committee, he delivered a check for the $500 to his client, payment of which was refused by the bank because of insufficient funds; later $300 was returned in cash but $200 remained unpaid at the time of the hearing. Respondent was found guilty of unethical conduct in misusing the bail money, in issuing a bad check in repayment, and in failing to make full return of the money.

On the charge of failing to exercise diligence in prosecuting his client's personal injury claim so that it became barred by the statute of limitations, respondent was found guilty. In addition, it was declared that he had engaged in unethical practice when he issued a check to the client to compensate

for the loss of the cause of action, knowing that his account did not contain sufficient funds to meet it, and had failed to make it good down to the time of the hearing. In this matter we agree that the facts demonstrate negligence in the conduct of respondent's client's cause. In our view, however, the circumstances shown on that aspect of the charge do not warrant a conclusion of unethical conduct justifying discipline. *Cf. In re Rosenkrans,* 84 *N. J. Eq.* 232 (*Ch.* 1915).

We have examined the testimony adduced before the Committee in support of the various charges and have concluded, with the qualification stated as to the negligent handling of the personal injury claim, that all of them are established beyond a reasonable doubt. Moreover, the character of the derelictions is such as to convince us that respondent is no longer fit to be a member of the bar. We were advised at the oral argument that restitution of the misused trust funds and repayment of unearned fees have been made. But this was done during the course of the disciplinary proceedings, and to some extent after the Committee's findings and presentments to this court had been filed. Restitution, although generally a mitigating factor, under such circumstances is not of substantial significance. *Cf. In re Harris,* 88 *N. J. L.* 18, 22–23 (*Sup. Ct.* 1915).

As we have noted on other occasions, in its essence discipline as a rule is not punitive. The primary purpose is to protect the public against members of the bar who are unworthy of the trust and confidence which are essential to the relationship of attorney and client. *In re Introcaso,* 26 *N. J.* 353 (1958); *In re Frankel,* 20 *N. J.* 588, 596 (1956). The privilege of practicing law is always burdened with the condition that the possessor thereof remain a fit and safe person to exercise it. The duty of the court is to safeguard the administration of justice and to protect the public from the misconduct of those whose conduct tends to impair it. The derelictions proved against respondent

are so gross as to require the conclusion that he can no longer be entrusted with the license to practice law.

Accordingly, his name is stricken from the roll of members of the bar of this State.

*For disbarment*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.